UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARINE TRAVELIFT, INC.

                Plaintiff,

vs.                                                                               Case No.: 10-C-334

ROODBERG HOLLAND, B.V.

                Defendant.

---

## **ORDER**

---

      This matter came before the Court on April 27, 2010 for a telephonic hearing on plaintiff's Rule 7(h) Expedited Motion for a Temporary Restraining Order, counsel for the plaintiff appearing. Neither the defendant nor counsel for the defendant appeared. The Court has reviewed the filed pleadings from Plaintiff's attorney, and in particular the Rule 7(h) Expedited Motion for a Temporary Restraining Order alleging current and ongoing trademark violations by the defendant. At the hearing, the Court indicated that it would schedule this matter for a hearing on an order to show cause why a temporary restraining order should not be entered.

      Upon further consideration, however, it appears that the plaintiff has failed to make a prima facie case that the Court has personal jurisdiction over defendant Roodberg Holland, B.V., a Dutch entity. *See Tamburo v. Dworkin*, No. 08-2406, --- F.3d ----, 2010 WL 1387299, at *4 (7th Cir. Apr. 8, 2010) (noting that plaintiff has burden of establishing personal jurisdiction); *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009) (same). The Court must have personal jurisdiction over the defendant before it would enter either a temporary restraining order against it or even order it to show cause why the same should not issue. 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2956 (2d ed. 1995) ("A court ordinarily does not have

power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); *see also American Girl, LLC v. Nameview, Inc.*, 381 F. Supp. 2d 876, 880 (E.D. Wis. 2005).

While the plaintiff has thus far failed to make out a prima facie case that the Court has personal jurisdiction over the defendant, the Court will provide it opportunity to produce such evidence. Thus, instead of entertaining an order to show cause on May 12, 2010 at 9:00 a.m. Central Standard Time in the United States, the Court will consider whatever evidence the plaintiff has on the issue of personal jurisdiction. If the plaintiff succeeds in contacting the defendant prior to the hearing, the defendant may participate without waiving any defense relating to personal jurisdiction.

**THEREFORE IT IS ORDERED** that this case is set for a hearing on **May 12, 2010 at 9:00 a.m** for purposes of determining whether personal jurisdiction exists.

Dated this   1st    day of May, 2010.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge

2

Case 1:10-cv-00334-WCG   Filed 05/03/10   Page 2 of 2   Document 9